RECEIVED

MAR 2 3 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIM HOLT | CIVIL ACTION NO.: 08-0771 |
| VERSUS | JUDGE DOHERTY |
| HERCULES LIFTBOAT CO., L.L.C., ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a Motion for Summary Judgment [Doc. 94], filed by defendant Contango Oil & Gas Company ("Contango"). The motion is unopposed.[1]

In his complaint, plaintiff alleges claims against Contango for "negligence and vicarious liability, and other applicable state laws."[2] In the instant motion, Contango seeks dismissal of plaintiff's claims against it on grounds Contango neither owed a duty to the plaintiff nor breached any duty to inspect the crane at issue or identify any alleged problems that allegedly led to the plaintiff's injuries.[3] With respect to plaintiff's allegations of "vicarious liability" on the part of Contango,

---

[1] According to Contango's motion, plaintiff Tim Holt, an employee of defendant Hercules Liftboat Company, L.L.C., was injured while working aboard the *M/V GAAR*, a jack-up vessel owned and operated by Hercules. Contango is the owner of the fixed platform located at Eugene Island 11-H. Plaintiff alleges he slipped while cleaning hydraulic oil which sprayed onto the deck of the *M/V GAAR*, which was apparently positioned adjacent to the platform at the time of the accident. Contango contends the oil spill was caused by a return line hose on the platform crane which came loose. According to Contango, the crane on the Contango platform had been refurbished by Platform Crane Service at the request of Lowe Offshore, Contango's engineering contractor. Contango contends it was not involved in refurbishing the crane, and prior to the hydraulic leak, Contango had no knowledge of any problems with the crane.

[2] *See* plaintiff's Complaint, Doc. 1, ¶VI.

[3] Contango contends – and plaintiff does not dispute – the plaintiff's claims against Contango are governed by Article 2315 of the Louisiana Civil Code, pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331, *et seq.*, which adopts the law of the adjacent state as surrogate federal law, to the extent such law is not inconsistent with other federal laws and regulations.

Contango alleges it cannot be held responsible for any actions of any independent contractors it hired to operate, maintain, or perform construction services in connection with the platform. Finally, Contango argues to the extent the plaintiff is alleging claims against Contango pursuant to Articles 2317.1 or 2322 of the Louisiana Civil Code as the owner or custodian of the platform or crane, the foregoing codal articles now require that the owner "knew or, in the exercise of reasonable care, should have known" of the dangerous condition. Contango argues it is undisputed Contango had no prior knowledge of, or reason to know of, any alleged condition of the hose on the crane that purportedly caused damage to the plaintiff.

The plaintiff does not oppose the instant motion, and therefore, has failed to set forth specific facts showing there is a genuine issue for trial with respect to defendant Contango. Considering the foregoing, the Motion for Summary Judgment [Doc. 94], appearing to be well-founded in law and fact and being unopposed by the plaintiff, is hereby GRANTED. Plaintiff's claims against Contango for "negligence and vicarious liability" and all claims arising under "other applicable state laws" are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 23 day of March, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE