RECEIVED

MAR - 2 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIM HOLT | CIVIL ACTION NO.: 08-0771 |
| VERSUS | JUDGE DOHERTY |
| HERCULES LIFT BOAT CO., L.LC., ET AL. | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING**

Currently pending before this Court is a Motion for Summary Judgment [Doc. 161] filed by defendants Hose Specialty & Supply, LLC, Hose Specialty and Supply Company of Lafayette, LLC, Hose Specialty & Supply Port Store, LLC, Hose Specialty & Supply Management Company, LLC (hereinafter referred to collectively as "Hose Specialty"), Valley Forge Insurance Company, and Continental Casualty Company, wherein Hose Specialty and its insurers seek dismissal of "the claims asserted against them by [p]laintiff" on grounds "Hose Specialty did not breach any duty to plaintiff or provide an unreasonably dangerous product." As such, Hose Specialty and its insurers argue "no genuine issue of fact shows liability on behalf of Hose Specialty under the Restatement of Torts or the Louisiana Products Liability Act." Plaintiff opposes the motion [Doc. 168], as does defendant Cargotec USA, Inc., successor to Macgregor PCS Inc., formerly known as Macgregor USA, Inc. [Doc. 172].[1] For the following reasons, the motion is DENIED.

The undisputed facts are as follows: The plaintiff was injured on April 23, 2008 while

---

[1] Additionally, Hose Speciality and its insurers have filed a Motion for Leave to File Reply to Plaintiff's Opposition to Motion for Summary Judgment [Doc. 171], and plaintiff has filed a Motion for Leave to File Sur-Reply [Doc. 175, both of which are DENIED AS MOOT, given this Court's denial of the Motion for Summary Judgment for failure of any of the parties to carry their burdens, all as more fully described in the body of this Ruling.

employed as a Jones Act seaman by Hercules Liftboat Company, LL ("Hercules") on the jack-up vessel, the M/V GAAR.[2]  The GAAR was owned and operated by Hercules and was positioned adjacent to a fixed platform located at Eugene Island 11-H, off the coast of Louisiana.  The platform and crane at issue were owned by former defendant Contango Oil & Gas Co. ("Contango").  On the date of the accident, a hose attached to the crane, which was located on the platform, detached from the crane, spilling oil onto the deck of the vessel.  The plaintiff was injured while assisting with the cleanup of the oil that had leaked onto the vessel.

Plaintiff initially sued Hercules and Contango, but has since filed Eight Supplemental and Amending Complaints, adding parties throughout the history of the litigation, including Hose Specialty and its insurers.  In his Seventh Amending Complaint [Doc. 107], plaintiff sued Hose Specialty, alleging the following:

IVa.

Defendants Macgregor-PCS, Inc. and Macgregor (USA), Inc., previously doing business as Platform Crane Service, Inc. ("PCS"), now known and having appeared herein as Cargotec USA, Inc. ("Cargotec"), and Hose Specialty, along with Hercules Liftboat, LLC ("Hercules"), all of whom are joint tortfeasors liable to the plaintiff for his damages, have been negligent and at fault in connection with plaintiff's injuries sustained on or about April 23, 2008, while plaintiff was aboard the M/V Gaar, operated by defendant Hercules, and Hercules' vessel has been unseaworthy, and said negligence, unseaworthiness and fault have been a direct and proximate cause of damages to plaintiff, as set out in plaintiff's original and amending complaints.

IVc.

On May 26, 2009, Cargotec produced documents to the plaintiff revealing for the first time that it obtained certain of the replacement hoses and hose assemblies for the crane that it undertook the responsibility to refurbish from Hose Specialty.  Notably, in written discovery responses accompanying the production of documents, Cargotec

---

[2] While plaintiff identified the vessel as the M/V GAR, Hose Specialty identified the vessel as the M/V GAAR.

stated that it did not believe that any other party was at fault for the plaintiff's damages, other than the parties already present in this lawsuit at this time. In August 2009, Cargotec employees and representatives who were deposed by the plaintiff identified that the particular hose assembly that failed and resulted in the oil spill on April 23, 2008 was made and supplied by Hose Speciality. In March 2010, for the first time, Cargotec's expert opined that Hose Specialty is at fault for the oil spill on April 23, 2008 because (1) it breached a duty to advise Cargotec that the type of assembly and couplings ordered were not the types specified by the original manufacturer for this application and/or (2) Hose Specialty, in fact, banded or connected the hose assembly onto the crane's manifold and did so in an improper manner that led to the refurbished crane's defective condition. Hose Specialty is, thus, a manufacturer and distributor of a component part of the refurbished crane, which component part was defective in design and/or construction, and rendered the refurbished crane into which it was incorporated by Hose Specialty and/or Cargotec unreasonably dangerous.

IVd.

Plaintiff's damages were proximately caused by the unreasonably dangerous characteristics and design of the hose assembly and the refurbished crane, and from a reasonably anticipated use of both the hose assembly and crane.

C.

Plaintiff's claims against Cargotec and Hose Specialty under the LPLA arise out of the same conduct, transaction and/or occurrence set out in his original and amending complaints. Cargotec and Hose Specialty are joint tortfeasors under Louisiana law for the unreasonably dangerous hose assembly and refurbished crane.

In the instant motion, Hose Specialty argues summary judgment is appropriate under the "Restatement of Torts" and the Louisiana Products Liability Act ("LPLA"). Within its argument that there is no liability against Hose Specialty *under the Restatement,*" Hose Specialty, however, argues the *application of general maritime law* to the plaintiff's negligence claims. Hose Specialty then argues "[c]ontrary to the restatement, *the LPLA provides the exclusive remedy* for injured persons against manufacturers."[3] The plaintiff responds by arguing Hose Specialty "erroneously contends

---

[3] *See* Hose Specialty's motion for summary judgment, Doc. 161, p. 12.

3

that the plaintiff's claims against it were pleaded *under the Jones Act and general maritime law*." Rather, plaintiff argues he "sued Hose Specialty *under Louisiana law*, which is applicable pursuant to the *Outer Continental Shelf Lands Act ("OCSLA")*."  Plaintiff does not refer to the source of law in his amended complaint for his claims, either by codal article or other statutory or jurisprudential source.  With the foregoing in mind, this Court turns to the motion before it, notwithstanding the legal issue of what law applies to which of plaintiff's claims made against which defendants is clearly in question.  However, even if this Court were to assume application of the LPLA, the issue is not resolved.

Plaintiff argues he has brought his claims against the movants *solely* under "Louisiana law." Under Louisiana law, it is well-settled that to maintain a successful *products liability action under the LPLA*, a plaintiff must establish four elements: (1) the defendant is a manufacturer of the product; (2) the claimant's damage was proximately caused by a characteristic of the product; (3) this characteristic made the product "unreasonably dangerous;" and (4) the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.  *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002), *citing* La. Rev. Stat. §9:2800.54(A). A product is "unreasonably dangerous" under the LPLA if the product meets at least one of the following criteria:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
>
> (4) The product is unreasonably dangerous because it does not conform to an express

4

warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

*Stahl*, 283 F.3d at 261, *citing* La Rev. Stat. §9:2800.54(B).

Although the Fifth Circuit has explained the "statutory mechanisms for establishing that a product is unreasonably dangerous 'are predicated on principles of strict liability, negligence, or warranty,'" it is well-settled for causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA. *Stahl*, 283 F.3d at 261.

Considering the foregoing, it does not appear to this Court that the plaintiff can maintain both a negligence cause of action against Hose as well as a cause of action under the LPLA, however, neither party has briefed the issue in any meaningful way. Plaintiff argues his claims are pled against Hose "under Louisiana law," and indeed, plaintiff's complaint against Hose alleges breach of duty and resulting negligence against Hose. However, notwithstanding that Louisiana is a codal state, plaintiff's amended complaint against Hose does not reference any codal article(s) upon which plaintiff relies in asserting his negligence claim against Hose. Compounding this already unfortunate procedural scenario is the fact that Hose's motion for summary judgment seeks dismissal of plaintiff's negligence claim alleged under the *Restatement Third of Torts*, and at the same time seeks to apply *general maritime law* to the claim.[4] Plaintiff's negligence claims against Hose are in no way clear and perhaps have not been properly pled, however, Hose's motion for summary dismissal of plaintiff's claims fails to identify what legal basis upon which this Court should dismiss plaintiff's "negligence" claim might be – Hose having failed to discuss the argued applicability of the argued

---

[4] Hose's motion does not address how the Restatement Third of Torts might create a right of action on the part of the plaintiff against Hose, or how it might apply separate and apart from the argued general maritime law, or how alleged platform negligence might invoke the general maritime law.

Restatement Third of Torts, or the argued application of the general maritime law or, in fact, what law actually should apply under this factual scenario – thus, this Court concludes Hose is not entitled to summary judgment on plaintiff's "negligence" claims as it clearly has failed to carry its burden to establish it is due the relief requested.

To the extent Hose seeks summary dismissal of plaintiff's claims alleged under the LPLA, Hose must establish it is entitled to dismissal of such claims as a matter of law first demonstrating the applicability or nonapplicability of the LPLA to the claims at issue, and the absence of one or all of the requisite elements of the claims under the LPLA. Thus, in order to establish it is entitled to summary judgment, Hose must address, among other things, first and foremost that the LPLA applies to it, here, for instance, the issues of whether it is the **manufacturer** of a **product** that **falls within the purview of the LPLA**. Additionally, Hose must address other relevant issues not addressed, among others, of whether and to what extent it did or did not owe a duty to the plaintiff under the facts and circumstances of this case, and if so, under what body of applicable law, that is, does the LPLA actually apply, i.e. does it create a right of action on the part of the plaintiff against a company with which the plaintiff had no contract and arising out of a business transaction to which the plaintiff was not a party, and if the LPLA does not apply, is there a separate and independent negligence claim, and if so, under what body of law is that claim couched or not possible to be couched. However, of course, this matter is gravely complicated by plaintiff's failure to sufficiently identify its legal basis for its claims brought against movants. Thus, neither party has properly presented to this Court.

Nonetheless, an examination of Hose's motion for summary judgment shows Hose's motion argues "[f]or the same reasons *outlined under the Restatement*," plaintiff cannot demonstrate liability

on the part of Hose *under the LPLA*, because Cargotec personnel determined what hose was needed for the application in question and Hose's "only duty, if any, was to provide a hose assembly with compatible hose fitting componentry." In this manner, Hose, it seems, further argues the hose was not a product "that was unreasonably dangerous in its construction/composition." Similarly, Hose argues the hose it provided was not unreasonably dangerous in design, because "Cargotec did not request" a better design from Hose; however, again, Hose fails to identify to what body of applicable law, if any, these generic and blended assertions might apply.

The foregoing arguments mix and reference separate and independent bodies of law, blending all together in an unfortunate mixture wholly without meaning or persuasive merit. Indeed, this Court concludes that separate and apart from the issue of whether the hose in question – even if assumed to be a product under the LPLA – is or is not unreasonably dangerous, is the issue of whether the LPLA, itself, extends to this particular plaintiff against this particular defendant under the facts of this case; and if not, what, if any, body of law applies. Hose appears not only to be mixing separate bodies of law, but also, separate legal inquires, by weaving the issue of "duty" into the issue of "unreasonably dangerous," two wholly separate legal inquiries, peculiar to two separate bodies of law.

Considering the foregoing, and for the additional reasons stated by this Court in this ruling, this Court concludes neither party has provided this Court with sufficient information upon which to determine what law applies to the claims made by plaintiff against the movants, and even if, as plaintiff argues, "Louisiana law" applies, which law under Louisiana law might apply, and even if this Court were to assume the LPLA were to apply, whether that statute would apply to this particular defendant under these particular facts, and even if this Court were to assume it does, what aspect,

if any, of the statute is not met and why.  Consequently, this Court concludes Hose has not carried its burden of showing it is entitled to summary dismissal of plaintiff's claims alleged under "Louisiana law" whether the LPLA or otherwise; however, neither has plaintiff carried its burden to establish movants are *not* due the relief requested, nor has plaintiff sufficiently identified the claim, brought against movants and under what law; consequently this Court finds *neither has carried its burden* and,

For the foregoing reasons,

IT IS ORDERED that the Motion for Summary Judgment [Doc. 161] filed by defendants Hose Specialty & Supply, LLC, Hose Specialty and Supply Company of Lafayette, LLC, Hose Specialty & Supply Port Store, LLC, Hose Specialty & Supply Management Company, LLC (hereinafter referred to collectively as "Hose Specialty"), Valley Forge Insurance Company, and Continental Casualty Company is DENIED for failure of the defendants to carry their burden.

**IT IS FURTHER ORDERED** that the parties shall file an outline of claims pursuant to the sample outline form attached to this Ruling.  Each party asserting a claim shall file an outline, and the responding party shall file a responsive outline within seven days thereafter.  Plaintiff shall file the first outline on or before March 18, 2011.

THUS DONE AND SIGNED in Lafayette, ~~Louisiana,~~ this ___2___ day of March, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

8